Name: Ernesto Gonzalez Alberto
Regr.: 90437-111
California City Correctional center
P.O. Box. 3001-0001
California City CA. 93504.

FILED

AUG 29 PM 2:08

U.S. DISTRICT COURT
[illegible] OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | MOTION FOR MODIFICATION OF |
| Plaintiff, ) | | TERM OF IMPRISONMENT UNDER |
| ) | | TITLE 18 U.S.C. § 3582 (c) (2) |
| Vs. ) | | CASE NO: CR-07-00478-001 SI |
| GONZALEZ ERNESTO ALBERTO ) | | Honorable Judge: ILLSTON |
| Defendant. ) | | |

COMES NOW, GONZALEZ ERNESTO ALB.___, "Defendant", and respectfully submits the following motion to modify his term of imprisonment under TITLE 18 U.S.C. § 3582 (c) (2) pursuant to Amendment 706 and U.S.S.G. § 1B1.10, of the United States Sentencing Guidelines.

1

I.-                    FACTUAL AND PROCEDURAL BACKGROUND

On __07-01-2007__, the defendant was named in a Bill of Indicment. Bill charged the defendant with:

Consequently, on __10-19-2007__, the defendant's Sentencing Hearing was held. After reviewing the defendant's case, and made all the calculations, (Enhancements), (Reduction for acceptance of res- ponsibility) . . . ect.

The Court ultimately sentenced the defenadant to a term __(51)__, months imprisonment.

## II. ANALYSIS

### A. *The Petition for Reduction under* 18 U.S.C. § 3582(c) (2)

With this Petition for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), the defendant asks the Court to apply Amendment 706 and U.S.S.G. § 1B1.10 of the U.S. Sentencing Guidelines in order to reduce his sentence from __51__ months to a term __41__ months. The Defendant respectfully seeks a modification in his term of imprisonment under Title 18 U.S.C. § 3582 (c) (2) and U.S.S.G. § 1B1.10. Section 3582 (c) (2) authorizes the District Court to reduce the sentence imposed on a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to Title 28 §994 (o), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

Thereafter, the Sentencing Commission authorized courts, at their discretion, to apply Amendment 706 retroactively. *See* U.S.S.G. § 1B1.10 (a) and (c).

> Section 1B1.10 (a) of the United States Sentencing Guidelines states:
>
> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an Amendment to the Guidelines manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under Title 18 U.S.C. § 3582 (c) (2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under Title 18 U.S.C. § 3582 (c) (2), is not consistent with this policy statement, and thus is not authorized." The accompanying commentary reiterates that "eligibility for consideration under Title 18 U.S.C. § 3582 (c) (2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range." U.S.S.G. § 1B1.10, commentary n[1]

Fourth Circuit precedent suggest that nothing more is required in order for Amendment 706 to be a proper basis for a § 3582 (c) (2) motion. See *United States v. Fletcher*, 74 F.3d 49, 56 (4th Cir 2004), (Stating that, because the amendment relied on by the movant was listed in § 1B1.10, a sentence reduction is authorized pursuant to Title 18 U.S.C. § 3582 (c) (2). See also *United States v. Goines*, 357 F.3d 469, (4th Cir 2004).

In considering a motion for re-sentencing under 3582, the court has discretion to determine whether it will elect to impose the newly-calculated sentence under the amended guidelines or to retain the original sentence. See *United States v. Turner*, 59 F.3d 481, 483-84 (4th Cir. 1995) (recognizing that the application of a retroactive amendment is discretionary). This decision should be made in light of the factors listed in 18 U.S.C. 3553(a) . See *United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

3

**3553. Imposition of a sentence**

    (a)      **Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

The nature and circumstances of the offense and the history and characteristics of the defendant;

The need for the sentence imposed--

    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    to afford adequate deterrence to criminal conduct;

    to protect the public from further crimes of the defendant; and

    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

the kinds of sentences available;

the kinds of sentence and the sentencing range established for--

    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (i)      that, except as provided in section 3742(g) [18 USCS 3742(g)], are in effect on the date the defendant is sentenced; or

    (B)      in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of

4

|      |      | title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); |

(2) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g) [18 USCS 3742(g)], is in effect on the date the defendant is sentenced.

(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(4) the need to provide restitution to any victims of the offense.

The Defendant respectfully requests that the Court take the following information into account when making its discretionary determination whether to apply United States Sentencing Guidelines Amendment 706 towards his sentence and re-sentence him at the new two-level guideline reduction.

5

**Defendant Has:**

1. Completed his financial responsibility by paying all fines and assessments.
2. Maintained excellent work reports and assessments throughout his entire incarceration.
3. Good health and is currently __(37)__ years of age.

The purpose of the <u>original sentence</u> has been accomplished.

Defendant has made huge steps toward becoming a law-abiding and productive citizen. During his incarceration he has equipped himself with the tools necessary to succeed in society, re-build his family bond, and make the most out of any opportunities that avail themselves to him once he returns to the outside world.
On this basis the Court should exercise it's discretion to apply U.S.S.G. Amendment 706 retroactively to the Defendant's sentence.

**Application of Amendment 706**

Relevant to this case, Amendment 706 reduced the top base offense level for the defendant from **level 17** --which was used to calculate his sentence--to **level 15**.

**Offense Level 15** is coupled with **Criminal History Category 6**, the defendant's sentencing exposure would be reduced from __51 to 63__ months down to __41__ to __51__ months imprisonment.

The record of this matter reflects that at the time of Sentencing, The Honorable __ILLSTON__, in his discretion, determined that a term at the lowest point within the applicable Guidelines range was appropriate.

The Defendant believes that the imposition of a sentence which tends toward the lowest point of the amended range is consistent with all factors which must be considered. As was already noted, the offenses of conviction were not of a violent nature. Last, the undersigned finds that a sentence at or near the lowest point of this range would both reflect the seriousness of the defendant's conduct as well as continue to ensure public safety as it still reflects a substantial sentence for the offense in question. Furthermore, a sentence at the low end of the amended guideline range is in accord with the original sentence imposed by the Court. Therefore, a sentence at the lowest end of the guideline range is consistent with the law and appropriate under the circumstances.

## CONCLUSION

Wherefore, the Defendant respectfully requests that this Honorable Court re-sentence this defendant and modify his term of imprisonment pursuant to 18 U.S.C. 3582 (c) (2) through application of Amendment 706 and U.S.S.G. § 1B1.10 to his current term and re-sentence him to the low end of the amended guideline range (_41_ months).

Respectfully submitted

_Ernesto G_
Ernesto Gonzalez Alberto
Pro-se.

## CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: <u>UNITED STATES OF AMERICA</u>   VS. <u>ERNESTO GONZALEZ ALBERTO</u>

CASE NUMBER: <u>  CR-07-00478-001 SI          </u>


I, the undersigned, herby affirmed that on this <u>25</u> day of <u>  August  </u> <u>  2008  </u>, I deposited in the recepticle for the United States mail provided at this Institution for inmates, first class pre-paid postage, in a sealed envelope and addressed to:

   United States Distrsict Court For the Northern District
   San Francisco Division
   235 Pine St. San Francisco, CA. 94104-2701,




a true and correct copy of the attached document(s) identified as follows:

   (An Original and one Copy of):


MOTION FOR MODIFICATION OF TERM OF
IMPRISONMENT UNDER TITLE  18 U.S.C. §  3582(c) (2).



In accordance with <u>Houston V. Lack</u> 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. §1746(2). I further declare under the penalty of perjury that the foregoing is correct and true.



DATED: <u>  08-25-2008          </u>

AFFIANT  <u>Ernesto Gonzalez A.</u>

Pro-se.